■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEONARD FRAZIER, Appellant.— Judgment of conviction unanimously reversed, on the law, on the facts, and in the exercise of discretion, and a new trial is ordered. Throughout the trial there was harsh, insistent emphasis by the prosecutor upon the freely admitted fact that both defendant and his main witness were drug addicts. During the direct examination of this witness, through whom the defense sought to establish an alibi, the court asked the witness what

happened when drug addicts have no money and must have the drug. The witness responded that "then maybe they will resort to violence; maybe they will try to get it some kind of way." The prosecutor caused the witness to repeat this statement, and upon sumation, stated the witness "from his own mouth told you and told this court that if he didn't have the money to buy junk he'd resort to violence." The witness had in fact further testified that he himself had never resorted to violence to secure money for drugs; and the court corrected the misstatement. There is no way of appraising the damage done defendant, however, by the answer to the court's question in the first instance, and the prosecution's reiteration of that answer, since the defense did not dispute the fact that defendant was a narcotics user and he was charged with an attempt to comit a crime involving violence — robbery in the first degree. In view of the thin, albeit prima facie evidence of identification, the testimony and comment concerning the alleged tendency of narcotics users to employ violence may have been decisive in the jury's verdict. If Eleanor Boone testifies during the new trial, care should be taken to preclude her testimony to the effect that she met the defendant while he was selling stolen goods; and the prosecutor should not repeat the gratuitous remarks which accompanied his response to defendant's counsel's request for a transcript of a statement she had previously made in the District Atorney's office. Concur — Botein, P. J., Breitel, Valente, McNally and Bastow, JJ.